No. 28,076.

Jessie L. Wellman, *Appellee*, v. Dora M. Knapp, Nora N. Roach, J. W. Templeton et al., *Appellants*.

(268 Pac. 817.)

Opinion filed July 7, 1928.

*Thomas E. Wagstaff* and *Jay W. Scovel*, both of Independence, for the appellants.

*Fred S. Jackson*, *Thomas C. Forbes* and *James E. Smith*, all of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action to partition real property and for an accounting for rents. A jury was impaneled and the evidence introduced. The court then sustained plaintiff's motion for judgment. Defendants have appealed.

The parties are the children of Alfonso Templeton, who owned the real property in controversy, subject to a mortgage of $1,500 at the time of his death, March 16, 1924. He left a will executed January 24, 1924, in which a few small bequests were made, including $4 to plaintiff, and the remainder of his property was divided among his other four children, the defendants, Dora M. Knapp, Nora N. Roach, Jos. W. Templeton and Geo. H. Templeton, one-fourth to each. On February 18, 1924, these four children, evidently having been informed of the provisions of the will, entered into an agreement in writing among themselves to keep "the tract of land intact and undivided for a period of not less than five years from this date." This was signed also by Alfonso Templeton as indicating his satisfaction therewith. The will was duly admitted to probate March 24, 1924. No action was brought to set it aside. Defendants claim title to the real property in controversy under this will. In this action plaintiff makes no claim under the will, nor does she seek to set it aside. Her claim is based on a written memorandum executed by defendants under date of March 22, 1924. On that day the plaintiff and the defendants, except Geo. H. Templeton, met at the Severy Bank where Alfonso Templeton had transacted his business and where he had a box in which he kept his papers. The box was opened, the will taken therefrom, and it was there read in the presence of plaintiff and the three defendants. The plaintiff expressed displeasure with the terms of the will and left immediately after it was read. The three defendants remaining then looked through other papers in the box and there found notes or other instruments which they understood indicated that their father in his lifetime had advanced to plaintiff sums aggregating $859. They then had the banker write this memorandum:

"SEVERY, KAN., March 22, 1924.

"We, the heirs of the Alfonzo Templeton estate, do by these presents agree by and between ourselves and in the presence of each other that when we have received an equal amount of the estate of Alfonso Templeton that Jessie Wellman has now received, which amount is $859, that the balance of the estate will be divided equally between his five children counting Jessie Wellman as one."

This was signed on that day by the three defendants present and was later sent to Geo. H. Templeton, who signed it in Arizona. Thereafter a copy of it was sent to plaintiff. It appears that in April, 1925, plaintiff wrote defendants and offered to accept the agreement if the heirs would agree to cut the amount down to $300 instead of $859. Defendants did not consent to this. Under date of February 20, 1926, plaintiff wrote each of the defendants as follows:

"I am writing you in regard to that agreement that you children have drawn up and signed giving me my share of my father's estate, after you have received the same amount as you claim we have already received. If you will take off what should be taken off of this said agreement I will accept the agreement. Come to Severy and we will all meet and have a settlement or give administrator authority to make settlement for you, or we will go to the probate court and settle. We will wait until the 5th day of March, 1926, and if not settled by that time we will throw it into the courts."

Plaintiff had no agreement with defendants in response to that letter. On April 23, 1926, counsel for plaintiff wrote each of the defendants advising they had been employed by plaintiff, who had been dissatisfied with the allowance made to her under the will of her father, and that she contemplated bringing suit to set the same aside. The instrument of March 22, 1924, is referred to and it is stated that, relying upon this written instrument, plaintiff had not instituted a suit to break the will; that the estate had now been closed, and that the probate court had held that all notes and obligations due the estate from either Jessie Wellman or Roy Wellman had been liquidated, paid and set off by claims which they had against the estate, and making demand for an equal one-fifth division of the entire estate. Two of the defendants replied, denying the correctness of the position taken by plaintiff's counsel; the other two defendants made no response.

On January 7, 1925, Roy Wellman, the husband of plaintiff, filed claims against the estate of Alfonzo Templeton for certain labor

and for material furnished in repairs. On the same day V. L. Knapp, administrator with the will annexed of the estate, filed as a counter-claim certain notes owed to the estate by Roy Wellman. After hearing the testimony the probate court found that the portion of the claims allowable against the estate are an equal and adequate set-off for the notes held by the estate against the claimant, and an order was made allowing the claims and declaring the notes paid and canceled. The amount of the claims made by Roy Wellman, or the notes so set off against them by the administrator, is not disclosed. Plaintiff brought this action predicated on the written instrument of March 22, 1924, and alleged that the instrument was made in consideration of plaintiff foregoing bringing suit to contest the will. It was alleged that defendants at that time were under the impression that plaintiff had received advancements in the amount of $859, "and especially agreed that the said plaintiff should share equally with each of the defendants in all of the estate remaining, after each of the defendants should receive a sum equal to the amount advanced to the plaintiff." It was further alleged that no advancement had ever been made to her; that notes owed by her and her husband were offset by indebtedness from the decedent, which fact had been adjudicated by the order of the probate court of January 7, 1925. The prayer was for one-fifth of the real property and rents. Defendants denied that the instrument of March 22, 1924, was made by them in consideration of plaintiff's foregoing to bring suit to contest the will, and alleged that it was intended as a voluntary gratuity to plaintiff; that it had never been accepted by plaintiff, and that the same was of no force. The reply was a general denial.

On the trial plaintiff testified that at some time after receiving a copy of the instrument of March 22, 1924, she talked with the defendants, Mrs. Knapp and Jos. W. Templeton, and told them that the agreement was all right, but the amount wasn't right, "and they both of them, Mrs. Knapp and Joe Templeton said if the amount wasn't right that the administrator, or Mrs. Knapp told me the administrator had the authority to take off what didn't belong there." That Mrs. Knapp further told her that she didn't know anything about the amount, and if the courts would take it off they would have to take it off. Mrs. Knapp testified that she never had any such conservation with plaintiff. The court could not have predicated his ruling on the motion for judgment on this

controverted testimony. It is not contended by plaintiff that any of the other defendants ever intimated that the amount named in the instrument of March 22, 1924, should be modified. Her testimony is that defendants never at any time agreed to "take off the amount" named in that instrument, or to modify it in any way.

Plaintiff contended in the court below and here that the instrument of March 22, 1924, was made by defendants for the benefit of plaintiff, and that plaintiff could therefore maintain an action upon it. To do so, of course, it would be essential that plaintiff accept it. Her testimony is that she never did accept it as written; that she accepted it all except as to the amount, and that defendants never agreed to modify or change the amount. This is not a sufficient acceptance unless we construe the instrument as plaintiff contends it should be construed, to be later described. It is fundamental that an offer must be accepted as made before it becomes an enforceable contract. (13 C. J. 279.) When an agreement is made by two or more parties for the benefit of a third, the rule is, of course, the same. Such an agreement, if beneficial to the third party, may be presumed to have been accepted by him, but such presumption cannot be indulged in this case, for the uncontroverted evidence is that plaintiff did not accept it as made.

Plaintiff contends that the words "which amount is $859" in the instrument of March 22, 1924, should be disregarded or construed as an estimate. It is argued that the real purpose of the instrument is to set forth an agreement among the defendants that each of the five children of Alfonzo Templeton should share equally in his estate; that defendants thought at the time this instrument was written that there had been advancements to plaintiff in the sum of $859, and hence they agreed among themselves that when each had received that amount from the estate plaintiff should share with them in the remainder; that in effect plaintiff had not received any advancements, as was determined by the judgment of the probate court of January 7, 1925, and hence that the intention of the defendants that the estate should be divided equally among the five children could only be followed out by disregarding these specific words. The court below evidently took this view of the instrument. Defendants complain of that construction. We think it was erroneous. The fair interpretation of this instrument of March 22, 1924, is that defendants were willing that plaintiff, who had practically been left out of her father's will, might share equally with

them in the estate after each of them had received the amount out of the estate that plaintiff "has now received, which amount is $859." For the purpose of this agreement they themselves determined the amount plaintiff had previously received from the estate, and they named the conditions on which they expressed a willingness to permit her to share with them in the distribution of the estate. They had a perfect right to name any conditions they saw fit to name. The amount was not approximated nor indefinite. The statement is positive, "which amount is $859." It was not left to the probate court, nor to anyone else, to determine that. What the probate court found with reference to claims of plaintiff's husband against the estate is of no consequence in interpreting this instrument. Even if the probate court had found the amount which had previously been advanced to plaintiff, it would have been of no importance in construing this agreement, for the simple reason that the agreement was not predicated upon nor to be determined by such finding.

Plaintiff alleged in her petition that this agreement of March 22, 1924, between the defendants was made in consideration of plaintiff's foregoing bringing suit to contest her father's will. There is no evidence to support that allegation. Plaintiff's own testimony was that she left the bank soon after the will was read.

"Q. Then you didn't have any conversation with your brothers and sisters there at that time? A. Not right in the Severy State Bank, but I told my brother-in-law after I left the Severy State Bank I wasn't going to stand by the will, or there would be trouble."

There is no evidence that what she told her brother-in-law was ever communicated to the defendants; but if it was, it was certainly after this instrument was drawn. The testimony of the other witnesses is that she left the bank as soon as the will was read after expressing her dissatisfaction of the will. She did not then threaten any suit, nor did she ask defendants to make any agreement with her to keep her from bringing suit; nor does she contend in her testimony that she made any agreement with defendants before this instrument was written, or at any time, by the terms of which she would forego bringing suit. In her letter of February 20, 1926, previously quoted, she threatened to throw it in the courts if she did not have a settlement by March 5, 1926. But she had no agreement in response to that letter. The result is that there is nothing in this record to justify a judgment predicated upon the premises that

this instrument of March 22, 1924, was made by defendants in agreement with plaintiff and in consideration of her foregoing to bring suit to set aside the will.

The judgment of the court below will be reversed, with directions to enter judgment for defendants.